UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN MARCEL DOTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>D. WHITE,<br><br>    Defendant. | Case No. 17-CV-00465 LHK (PR)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983 alleging that defendant Correctional Officer D. White violated plaintiff's First Amendment right against retaliation, and First and Fourteenth Amendment rights to access the courts. Defendant has filed a motion for summary judgment, arguing that plaintiff failed to exhaust his retaliation claim, and that defendant is entitled to summary judgment on the merits of plaintiff's right of access to the court claim.[1] Although given an opportunity, plaintiff has not filed an opposition. For the reasons stated below, defendant's motion for summary judgment is GRANTED.

---

[1] Defendant's request for judicial notice is granted.
Case No. 17-CV-00465 LHK (PR)
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1

**BACKGROUND**

On February 4, 2016, plaintiff received his property after being released from the Administrative Segregation Unit ("ASU") at Salinas Valley State Prison ("SVSP"). Upon inspection of his property, plaintiff noticed that his compact disc player, six compacts discs, and plaintiff's legal documents including transcripts were missing. Plaintiff claimed that without his legal documents, he was unable to challenge his conviction or file writs, which denied him the right to access the courts. Plaintiff also alleged that defendant "lost" plaintiff's property in retaliation for plaintiff's filing of grievances.

**MOTION FOR SUMMARY JUDGMENT**

Defendant argues that plaintiff failed to exhaust his administrative remedies for plaintiff's retaliation claim. Defendant also argues that he is entitled to summary judgment on the merits of plaintiff's right of access to the courts claim. The court addresses each argument in turn.

I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *See id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

Defendant must produce evidence proving failure to exhaust in a motion for summary

Case No. 17-CV-00465 LHK (PR)
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

2

judgment under Rule 56. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *See id.* at 1166. But if material facts are disputed, summary judgment should be denied. *See id.* The defendant's burden is to prove that there was an available administrative remedy and that the prisoner did not exhaust that available administrative remedy. *See id.* at 1172. Once the defendant has carried that burden, the prisoner has the burden of production. *See id.* That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *See id.* The ultimate burden of proof remains with the defendant. *See id.*

II.    Retaliation - exhaustion

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). Compliance with the exhaustion requirement is mandatory. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).

The PLRA's exhaustion requirement cannot be satisfied by filing a "procedurally defective administrative grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The text of 42 U.S.C. § 1997e(a) strongly suggests that the PLRA uses the term 'exhausted' to mean what the term means in administrative law, where exhaustion means proper exhaustion." *Id.* at 92. Therefore, the PLRA exhaustion requirement requires proper exhaustion. *See id.* Compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust. *See Jones v. Bock*, 549 U.S. 199, 217-18 (2007). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91 (footnote omitted).

The California Department of Corrections and Rehabilitation ("CDCR") provides its

Case No. 17-CV-00465 LHK (PR)
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

3

inmates and parolees the right to appeal administratively "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Under the regulations, as amended effective January 28, 2011, in order to exhaust available administrative remedies within this system, a prisoner must submit his complaint on CDCR Form 602 and proceed through three levels of appeal: first level appeal, second level appeal, and third level appeal. Cal. Code Regs. tit. 15, § 3084.7.

Defendant argues that plaintiff has not filed any grievance concerning the retaliation claim in this case. That is, plaintiff has not complained through the administrative grievance process that defendant lost plaintiff's property because defendant was retaliating against plaintiff. In support of defendant's argument, defendant has submitted evidence that between October 2012 through October 2016, plaintiff submitted thirty administrative grievances. Lomeli Decl. ¶ 7 and Ex. A. Out of those thirty, only three were related to property, and one of those three administrative grievances exhausted the denial of access to courts claim. *Id.*, Exs. B, C, and D.

The denial of access to courts claim was exhausted by SVSP-L-16-01401. *Id.*, Ex. B. In that grievance, plaintiff complained that when he was released from ASU on February 4, 2016, plaintiff noticed his compact disc player, six compact discs, and his legal documents were missing. *Id.* Ex. B at AGO_004. Plaintiff wished to be compensated for the loss of legal transcripts. *Id.* at AGO_007. Because plaintiff was unable to replace the transcripts, plaintiff argued that he would not be able to file appeals or writs. *Id.*

One of the two remaining property related grievances, SVSP-L-14-01364, alleged that in July 2014, plaintiff was in ASU and had received a package. Plaintiff was given a choice whether to return the package, donate it, or have it destroyed. Plaintiff chose to return the package. Plaintiff complained that defendant refused to speak with plaintiff or give plaintiff a receipt showing that the package was in fact returned. *Id.*, Ex. C.

The last property related grievance, SVSP-L-14-04880, alleged that on October 16, 2014, plaintiff was released from ASU and noticed that his television was missing from his returned

Case No. 17-CV-00465 LHK (PR)
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

4

property. *Id.*, Ex. D. Defendant stated that defendant did not know about a television. On December 14, 2014, plaintiff withdrew his appeal because another officer compensated plaintiff with another television. *Id.*, Ex. D at AGO_002.

Administrative remedies may not be exhausted where the grievance, liberally construed, does not have the same subject and same request for relief. *See, e.g.*, *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (a grievance that complained of visitation restrictions, and did not mention an assault or theorize that the visitation restriction imposed was related to the assault, was insufficient to put prison officials on notice that staff conduct contributed to the assault). The purpose of a grievance is to alert the prison to a problem and facilitate a resolution. *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).

Here, plaintiff's federal complaint alleges that defendant retaliated against plaintiff by losing plaintiff's property because plaintiff had filed grievances. In contrast, none of plaintiff's statements in any of the specified grievances were sufficient to put prison officials on notice of plaintiff's underlying federal claim that defendant caused plaintiff's property to be lost in retaliation against plaintiff for filing grievances. Thus, the grievances failed to alert the prison to plaintiff's federal allegation that defendant retaliated against him.

Plaintiff has not disputed defendant's argument that plaintiff failed to exhaust his retaliation claim. Thus, defendant is entitled to summary judgment on the retaliation claim based on plaintiff's failure to exhaust administrative remedies.

III. Access to courts - merits

Plaintiff claims that defendant's loss or confiscation of plaintiff's legal documents denied plaintiff access to the courts. Specifically, plaintiff alleged that without his legal documents, which included transcripts, plaintiff was unable to conduct research to find new evidence with which he could challenge his conviction or file writs.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The Ninth Circuit has "traditionally differentiated between two types of access to courts claims: those involving prisoners' right[s] to

Case No. 17-CV-00465 LHK (PR)
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5

affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*." *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). In order to establish a constitutional claim for denial of access to the courts resulting from the alleged hindrance of a plaintiff's ability to bring a legal claim, the hindered claim must be a nonfrivolous one. *See Lewis*, 518 U.S. at 352-53 & n.3. In other words, "aside from their affirmative right to the tools necessary to challenge their sentences or conditions of confinement, prisoners also have a right, . . . 'to pursue legal redress for claims that have a reasonable basis in law or fact.'" *Silva*, 658 F.3d at 1103.

The U.S. Supreme Court has concluded that a plaintiff must identify and describe a nonfrivolous and arguable underlying claim to establish a denial of access to courts claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff has not done so. Plaintiff has not even suggested a nonfrivolous legal claim that has been frustrated or impeded by defendant's action. Rather, plaintiff makes a speculative assumption without any supporting evidence that the loss of legal documents would have contained information to state a nonfrivolous legal claim. This is not sufficient to sustain plaintiff's denial of access to courts claim. *See Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that the failure to show that a non-frivolous legal claim has been frustrated is fatal to a claim for denial of access to the courts); *Carr v. Carlyn*, No. 3:10-cv-00625-BLW, 2014 WL 295236, *9 (D. Idaho 2014) ("[T]he loss of evidence that might support a future [case] is much too speculative to support an access to courts claim.").

In addition, in both assistance and interference cases, a viable access to courts claim requires a showing of "actual injury" as a result of defendant's actions. *See Lewis*, 518 U.S. at 349. "Actual injury . . . is 'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (quoting *Lewis*, 518 U.S. at 348). Examples of actual prejudice include the "inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citations and internal quotations omitted). Courts interpreting *Lewis* have held that a plaintiff must allege facts showing injury to a plaintiff's case that is concrete and demonstrable,

Case No. 17-CV-00465 LHK (PR)
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

6

not merely hypothetical. *See Hernandez v. Broin*, No. 11-2397 SI, 2012 WL 2327645, at *4 (N.D. Cal. June 19, 2012). To satisfy the actual injury requirement, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis*, 518 U.S. at 353 (footnote omitted).

Here, there is an absence of evidence that plaintiff suffered an actual injury. Even assuming that plaintiff had alleged that he had a nonfrivolous legal claim, there is no evidence that plaintiff has filed a case that was subsequently dismissed because of the loss of legal documents, nor is there evidence that plaintiff even tried to file an action. *See, e.g.*, *Silva*, 658 F.3d at 1104 (concluding that plaintiff alleged an actual injury by stating that as a result of the defendants' actions of withholding all of plaintiff's legal files, several of plaintiff's pending lawsuits were dismissed). Rather than having concrete evidence as to the impact of defendant's actions, plaintiff has simply concluded, without evidence, that plaintiff has been prevented from meaningful access to the courts. In fact, plaintiff has not provided any facts to show that the loss of plaintiff's legal documents caused "actual prejudice to contemplated or existing litigation" by shutting plaintiff out of court. *See Greene*, 648 F.3d at 1018 (citing *Lewis*, 518 U.S. at 348, 351).

Thus, the court concludes that there is an absence of evidence that defendant denied plaintiff the right to access the courts, and defendant is entitled to summary judgment as a matter of law.

## CONCLUSION

Defendant's motion for summary judgment is GRANTED. The clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

DATED: 9/20/2017

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

Case No. 17-CV-00465 LHK (PR)
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

7